MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. EMMER HAINES, *et al.*

1. WITNESS; *Examination; Cross-Examination.* Where a witness on his examination in chief has given his opinion with regard to the value of certain land, he may afterward be cross-examined in full with regard to his reasons for such opinion. Great latitude should generally be allowed on cross-examination.

2. CONDEMNATION OF LAND FOR RAILWAYS; *Damages.* In assessing damages done to land by reason of the appropriation of a right of way through it for a railroad, the commissioners or jury may always take into consideration all incidental loss, inconvenience, and damages, present and prospective, which may be known, or may reasonably be expected to result from the construction and operation of the road in a legal and proper manner; and in doing so they may always take into consideration the exact condition in which the road may be at the time when they make the assessment.

### *Error from Bourbon District Court.*

THE board of county commissioners of Bourbon county condemned lands for the right of way for the *Missouri, Kansas & Texas Rly. Co.* through their county. Said railway company's line of road was through a quarter-section of land owned by *Emmer Haines* and *Geo. R. Haines*; and said commissioners appraised the value of their land taken for the

right of way, being 100 feet in width, and assessed the damages to said quarter-section, "including damages for the taking of earth outside of the 100 feet in the construction of the roadbed," at $915. From this assessment of damages the *Haineses* appealed to the district court. The proper pleadings were filed, and the cause docketed in the names of the appellants as plaintiffs, and the railway company as defendants. The action was tried at the June Term 1871 of the district court. Verdict and judgment for plaintiffs for $1,707.25. New trial refused, and the *Railway Company* brings the case here on error.

*T. C. Sears*, and *Willard Davis*, for plaintiff in error:

1. The court erred in not permitting the witness Heylmun to answer the following question on cross-examination, to-wit: "Would the damage [to Haines' land] have been less if there had been proper culverts and crossings constructed from the improvements to the main body of the land, north of the railroad?" The defendant had a right to have the jury know on what the witness based his judgment. Under the ruling of the court the defendant was precluded from inquiring of the witness as to the extent his judgment was made up of outside matters.

2. The court erred in refusing to give the following instruction asked for by defendant below:

"The jury in their assessment of damages accruing to the plaintiffs by reason of the taking of the land for the purposes of constructing defendant's railroad, are not to take into consideration the fact of illy constructed culverts, or the damages arising from spreading rock or earth upon the remaining portion of the land of plaintiffs. The damage which you are to assess and find in your verdict is, the value of the land taken and all such incidental loss, inconvenience and damage as may reasonably be expected to result from the construction and use of the road in a legal and proper manner."

This instruction is the law of the case. 1 Redf. on Rlys., § 74. The refusal to give this instruction was undoubtedly prejudicial to the defense below in the highest degree. The

court below permitted testimony all through going to show that the witnesses for the plaintiffs below based their judgment of the damages on facts and incidents that are not in law permitted to enter into an estimate of damages, namely, the ragged appearance of the ground after the grade was made; the ugly appearance of piles of dirt alongside of the road, and rock thrown out on the ground, etc. This testimony misled the jury and prejudiced them against the defendant.

*McComas & McKeighan,* for defendants in error. No brief on file.

The opinion of the court was delivered by

VALENTINE, J.: This proceeding in the district court was on an appeal from the board of county commissioners on proceedings for the condemnation of land for the right of way for the Missouri, Kansas, and Texas Railway Company. The plaintiffs in error the railway company, who were defendants below, claim that "The court below erred in not permitting the witness Heylmun to answer the following question put to him by the defendants below: 'Would the damages have been less if there had been proper culverts, and crossings constructed from the improvements to the main body of the land, north of the railroad?'" Heylmun was a witness for the defendants in error. He had already testified in chief, and this question was put to him on his cross-examination by the railway company. He had already given his opinion concerning the value of the land before and after the railroad was constructed through it. His opinion was, that the land was less valuable afterward than before; that the construction of the railroad through his land depreciated the value thereof about ten dollars per acre. And among the reasons that he gave why the land was less valuable, on account of the railroad, were the following: First, he stated that there was an insufficient culvert constructed; second, he stated that the railroad was so constructed through the land as to leave the buildings and other improve-

1. Cross-examination of witness; extent of inquiry.

29—10 KAS.

ments on one side of the road, and the main body of the land on the other side. The other evidence had previously shown that there were two cuts made through the farm, each eight or ten feet deep. After all this evidence, and much more, was given, the question above quoted was asked on cross-examination; and we think the court should have permitted it to be answered. Great latitude should generally be allowed on cross-examination.

In assessing damages done to land by reason of the appropriation of a right of way through it for a railroad, the commissioners or jury may always take into consideration all incidental loss, inconvenience, and damages, present and prospective, which may be known, or may reasonably be expected to result from the construction and operation of the road in a legal and proper manner; and in doing so they may always take into consideration the exact condition in which the road may be at the time when they make the assessment. The judgment of the court below must be reversed.