### EDWIN A. BUCK *vs.* CITY OF BOSTON.

Worcester.    March 11, 1896. — April 1, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Land Damages — Evidence.*

At the trial of a petition for the assessment of damages caused by the taking by a city of a portion of the petitioner's farm for a water supply, if the petitioner introduces evidence tending to show that the farm is well located with reference to its surroundings, and, in his direct examination, testifies that it is situated in a good neighborhood and gives the names of the owners of several places which he points out to the jury on a plan, and which he refers to as nice places and valuable farms, the respondent may ask him, on cross-examination, in regard to the character of the house which is nearest to his upon the same road, and show by his testimony that, at the time of the taking, it was so occupied and used as to affect the immediate neighborhood unfavorably as a place of residence.

At the trial of a petition for the assessment of damages caused by the taking by a city of a portion of the petitioner's farm for a water supply, a witness, called by the respondent as an expert, gave his opinion of the value of the petitioner's land, and the damage done by the taking, and the reasons for his opinion, and mentioned sales of several farms in that section. He was asked, on cross-examination, if he knew of the sale of B.'s farm, which was not similar to the petitioner's, nor similarly situated; and he answered that he had heard of it and how much it sold for, and also stated, in answer to a question, that he did not base his judgment on what he had heard about it, nor take it into consideration at all. He was then asked the price for which it sold, not for the purpose of using the answer as substantive evidence, but to test his knowledge. *Held,* that the question was rightly excluded.

PETITION for the assessment of damages caused by the taking of a portion of the petitioner's farm in Southborough for an additional water supply for the respondent city, on April 30, 1894. Trial in the Superior Court, before *Fessenden,* J., who allowed a bill of exceptions, in substance as follows.

The petitioner was the owner of a farm, containing about fifty acres, with a house, barn, and other buildings ordinarily found on a farm, about a quarter of a mile from a village in Southborough called Fayville. The respondent took about fifteen acres from the front of the farm nearest the highway, on which it bounded, and also took all the buildings on the fifteen acres.

One Webster, a witness for the petitioner, qualified as an expert on the values of land, testified to his opinion of the

value of the farm, and the damage done by the respondent's taking, and gave his reasons therefor. He was then asked, in his direct examination, as to the neighborhood of the petitioner's farm, and what kind of places there were in the neighborhood, the kind of farms, and their character; and he replied that there were a number of good farms and dwellings within a short distance, and mentioned one belonging to one Ball, and showed it to the jury on a plan.

The petitioner, who testified in his own behalf, gave as his estimate of the value of the farm before the taking $8,500, and was asked, in his direct examination, with reference to the neighborhood in which his farm was situated, and said that it was a good neighborhood, and referred to the farms of Ball, Paige, and Robertson, which he pointed out to the jury on the plan as being nice places and valuable farms. On cross-examination, he was asked if he knew the Lavelle house, near his own, the location of which was shown on the plan, and he replied that he did. He was then asked if there was not scarlet fever in it in the winter of 1893–94, and if it was not burned by the town in June or July, 1894, on this account; to which questions he replied in the affirmative. He was also asked if there was not living in this house at the time of the taking a man named Russell, if it was not supposed to be a place where liquor was sold, where rough people went to buy liquor, and was not a resort for thieves, and if Russell had not assaulted him; to all of which questions the witness answered in the affirmative. The petitioner seasonably objected to all these questions, but the judge admitted them; and the petitioner excepted.

One Bird, an expert on values, called by the respondent, testified that he knew of sales of land in the neighborhood, and had kept himself posted on sales in the town of Southborough. He gave his opinion of the value of the petitioner's land, and the damage done by the taking. He was then asked, "What are your reasons for thinking his damages are thirty-eight or thirty-nine hundred dollars, and the whole value of the farm before the taking five thousand?" And he answered, "I think five thousand compares with the other sales that I know of in that vicinity, that section." He was then asked to mention some of the sales that he knew of without giving the price, and

he mentioned the Scheerer farm, the Harvey farm, the Lowell farm, and the Smith farm, as sales which he had heard of, but had not been a party to. On cross-examination, he testified that the Harvey farm was on the opposite side of the town from the petitioner's, but was near enough to help fix a value, and was about the same size; that he thought if you took a farm of about the same size, about the same kind of buildings, and about the same distance from the centre, it did not make very much difference on which side of the town it was; and that this was a rule you could apply in a general way. He was then asked if he knew of the sale of W. H. Buck's place, a farm of about forty-five acres, with a house and barn, on the same side of the town as the Harvey place, and about the same distance from the centre. He answered that he had heard of it, and how much it sold for. He was then asked what he had heard it sold for, the petitioner's counsel stating that the question was not asked to introduce the answer as substantive testimony, but to test the knowledge of the witness. The respondent objected to the question. The judge, after stating that he should exclude the question, to which the petitioner excepted, said that the witness might be asked if he based his judgment on this sale. The counsel for the petitioner consented to put the question, stating at the time that he did not waive his rights by so doing. The witness then said that he did not base his judgment on what he had heard of the sale of the W. H. Buck place, and did not take it into consideration at all, although he knew of it.

The petitioner then again offered to ask the witness the price for which the Buck farm had sold, not as substantive evidence, but to test the knowledge of the witness, and to show his bias. The judge excluded the question; and the petitioner excepted.

The jury returned a verdict for the petitioner in the sum of $5,300; and he alleged exceptions.

*C. F. Choate, Jr.*, for the petitioner.

*T. M. Babson*, for the respondent.

KNOWLTON, J. To enhance the damages to be awarded for the taking of a part of his farm, the petitioner introduced evidence tending to show that the farm was well located with reference to its surroundings, and in direct examination he testified that it was situated in a good neighborhood, and gave the names

of the owners of several places, which he pointed out to the jury on a plan, and which he referred to as nice places and valuable farms.

The respondent was rightly permitted to ask him in cross-examination in regard to the character of the house which was nearest to his upon the same road, and to show by his testimony that at the time of the taking it was so occupied and used as to affect the immediate neighborhood unfavorably as a place of residence. If some of the questions were remote, or immaterial, when considered singly and alone, it was within the discretion of the judge to allow them in connection with the other questions in cross-examination.

It is not contended that the price for which the Buck farm sold was competent as substantive evidence. The farm was not similar to the petitioner's, nor similarly situated, and the expert witness, who said that he had heard of the price, testified that he did not base his judgment on what he had heard about it, nor take it into consideration in giving his testimony. It is manifest that it could not have been used in cross-examination to test his knowledge, without trying at length the question how far it resembled the petitioner's property, or other property whose qualities and value were in evidence. To have prosecuted this inquiry would probably have distracted and misled the jury. The question was rightly excluded.

*Exceptions overruled.*