FORT WORTH & DENVER CITY RAILWAY COMPANY v. J. A. TRAVIS.

Decided January 26, 1907.

**Physical and Mental Suffering—Christian Science.**

In a suit against a railroad company for mental and physical suffering caused the plaintiff by expulsion from one of its passenger trains, it was error to refuse to allow the defendant on cross-examination of the plaintiff to prove that she was a Christian Scientist, and that she had, or thought she had, such control of her feelings as to render her insensible to pain when she willed to be.

Appeal from the District Court of Wilbarger County. Tried below before Hon. S. P. Huff.

*Spoonts, Thompson & Barwise* and *R. W. Hall,* for appellant.—The court erred in refusing to permit defendant's attorney to interrogate plaintiff's wife with reference to her belief in, and practice and experience in what is known as Christian Science for the purpose of. showing that she was a Christian Scientist, and that as such she could not suffer either mentally or physically, but lived on a spiritual plane high above mental and physical suffering. Evansich v. Gulf, C. & S. F. Ry. Co., 61 Texas, 24; Tyler S. E. Ry. v. Rasberry, 13 Texas Civ. App., 185; Gulf, C. & S. F. Ry. v. Hepner, 83 Texas, 136; Gulf, C. & S. F. Ry. v. Younger, 10 Texas Civ. App., 141; Gillett Indirect and Collateral Ev., secs. 51, 82; Hood v. Chicago & N. W. Ry. Co., 64 N. W. Rep., 261.

*Tolbert & Berry,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a verdict and judgment in the sum of one hundred and ninety dollars obtained against appellant by appellee on account, mainly, of the physical and mental suffering of his wife incident to her expulsion from one of appellant's passenger trains. Her testimony was· mainly relied on to make out the case, so far as the extent of the injury was concerned, and a reversal of the judgment is claimed because the court excluded certain testimony which appellant sought to elicit from her on cross-examination. As stated in the bill of exceptions, "the wife of the plaintiff was on the stand and refused to state why she didn't take certain medicines prescribed by her family physician, Dr. Dodson. The defendant's counsel insisted upon knowing why, and asked her if it was not a fact that it was because she belonged to a sect called Christian Scientists. The court sustained the plaintiff's objection, and defendant's counsel stated that he wanted to prove by the witness that she would not take medicine on that account, and to ascertain if it was not her belief that she only suffered when she thought she suffered and did not suffer when she thought she didn't, and it was only a question with her as to whether she suffered or not. The court sustained the objection of the plaintiff that the evi-

dence was immaterial." It further appears from the bill of exceptions that "the defendant could have proven by such witness that she was a Christian Scientist and that as such she lived on a spiritual plane above mental and physical sufferings; that it was an article of her faith that there was no such thing as mental or physical suffering, and that she did not actually suffer." The bill of exceptions was approved with the following statement: "The witness testified: 'I don't take medicine unless I get down so that I can't help myself, and they make me take it.' Counsel asked her: 'You make that a rule, do you?' She answered: 'Yes, sir.' When counsel said: 'And because you belong to a sect called Christian Scientist?' plaintiff's counsel made objection as follows: 'We object to any such statement.' The court then ruled as follows: 'I will sustain the objection. You can state the object of your testimony to the stenographer.' Whereupon the defendant's counsel dictated a long statement to the stenographer which is to be found in full on page 48 of the testimony as made out by the stenographer. And after the same had been so dictated the court said: 'All right, I will sustain the objection.' Defendant's counsel then said: 'If the court please, I would like to be heard on that.' Plaintiff: 'We object to any further statement being made upon that line in the presence of the jury.' Defendant's counsel said: 'I would like to make a statement for the purpose of the bill.' The court: 'You have already made a statement and you can have your bill.' There was no further objection to this part of the proceedings."

It appears from the statement found on the page of the stenographer's notes referred to in this explanation that counsel for appellant, besides asking the question or questions above quoted in said explanation, expressed a desire to prove what is stated in the main part of the bill of exceptions quoted above, although the question or questions actually propounded to the witness did not call for what the bill of exceptions states could have been proved by the witness. We have, therefore, found some difficulty in determining whether the issue submitted by the following assignment is really presented by the record, but have finally concluded that it is. Said assignment reads: "The court erred in refusing to permit defendant's attorney to interrogate plaintiff's wife with reference to her belief in and practice and experience in what is known as Christian Science for the purpose of showing that she was a Christian Scientist, and that as such she could not suffer either mentally or physically, but lived on a spiritual plane high above mental and physical suffering." We interpret the record as showing that counsel for appellant indicated to the court his desire to cross examine the witness on the matters stated in the assignment, and that the court declined to permit this to be done on the ground that the inquiry was immaterial, which we think fairly raises the question presented by the assignment.

We are also of opinion that the court erred in treating the inquiry as an immaterial one, since the testimony was pertinent to the main and essential issue in the case, to wit, the mental and physical suffering of the witness. If she had such control of her feelings, or thought she had, as to render her insensible to pain when she willed to be, we see no reason why that circumstance should not have been considered by the jury in determining the extent of her suffering and the compensation

to be made on account of it.  See Texas & P. Ry. Co. v. Lynch, 87 S.
W. Rep., 884, and cases there cited.

Besides, the ruling complained of involves an invasion of the right of
cross-examination, which, however much it may have been abused, yet
remains as essential to the search for truth as in the days of the proverb,
"He that is first in his own cause seemeth just; but his neighbor cometh
and searcheth him."

The only counter proposition submitted by appellee in answer to the
assignment above quoted is that "special defenses in the nature of a
confession and avoidance must be specially pleaded," but while this is
a sound proposition, it evidently is inapplicable here, since any evidence
affecting the extent of the suffering for which a recovery was sought and
had, was clearly admissible under the general issue.  For this error the
judgment is reversed and the cause remanded.

*Reversed and remanded.*