## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. L. B. RICH.

### Decided June 13, 1908.

#### 1.—Carrier of Live Stock—Damages—Pleading.

In an action for damages to a shipment of live stock, pleading considered, and held not subject to special exception because of its failure to allege separately the items of damage to the stock by reason of rough handling, long confinement in the cars, failure to feed and water, etc. In the nature of things such damages cannot be itemized.

#### 2.—Same—Shipping Contract—Consideration—Evidence.

Testimony of a party that he received no extra consideration for the execution of a contract for the shipment of live stock, related to a mixed question of law and fact, and was therefore properly admitted.

#### 3.—Same—Extent of Damage—Testimony—Objection.

As against the objection that the testimony was "irrelevant, immaterial and not the proper measure of plaintiff's damages, and not the proper way to prove the same," the trial court properly admitted testimony by the plaintiff

as to the amount to which particular animals were damaged during transportation over a railroad.

**4.—Same—Injury to Live Stock—Measure of Damages.**

The measure of damages for injuries to a shipment of live stock not intended for immediate market, is to be determined by the same rules as though the animals were to be sold on the market, but in arriving at the amount of such damages the subsequent history of the animals with respect to their recovery from the injuries received is a proper subject of inquiry to aid the jury in determining the extent of the real as against the apparent damages sustained. Evidence considered, and held improperly excluded under this rule.

**5.—Damages—Amount of Recovery—Charge.**

It is improper for the trial court in its charge on the measure of damages or amount of recovery, to make reference to the amount claimed in the plaintiff's petition. Such reference, however, is not always cause for reversal. But, charge considered, and held, in view of the evidence and the verdict rendered, to be cause for reversal in this case.

**6.—Shipment of Live Stock—Several Carriers—Charge.**

In a suit against several railroads for damages to a shipment of live stock, the court properly refused a special charge which instructed the jury to return a verdict for the defendants if they, the jury, were unable to determine from the testimony what amount of damages occurred on each line of the respective defendants.

**7.—Same—Inherent Vice—Charge.**

The fact that the animals in a shipment of live stock injured each other, would not relieve the carrier from liability for such injuries as resulted from its negligence.

Appeal from the County Court of Childress County. Tried below before Hon. W. B. Howard.

*Speer & Weldon,* for appellant.—The court erred in overruling defendant's special exception wherein it alleged plaintiff's second amended original petition was insufficient wherein it alleged that the defendant and its codefendant, the Fort Worth & Denver City Ry. Co., were responsible to him in damages for injury to his said live stock, by roughly handling them in route, and by confining them in cars for an unreasonable length of time, and for failure to permit plaintiff to unload, water and feed the said stock for the reason said petition did not allege what amount of said injury was sustained by plaintiff by reason of said rough handling, and what amount by long confinement in the cars, and what amount by reason of a failure to permit him to unload, water and feed said stock, and in which of the defendants' possession said animals were when such alleged injuries occurred. Gulf, C. & S. F. Ry. Co. v. Baird, 12 S. W., 530; San Antonio & A. P. Ry. Co. v. Barrett, 66 S. W., 474.

The court erred in permitting plaintiff's counsel to ask him while a witness in his own behalf, and in permitting him to answer the question over this defendant's objection, "Was there any consideration paid by you above what had already been agreed upon by you and the agent of the company, for these extra things mentioned in the written contract presented to you?" To which question he answered, "I received no consideration for executing this contract," for the reason the question called for, and the answer was, a conclusion of law by the witness. Gulf, C.

& S. F. Ry. Co. v. Shearer, 21 S. W., 133; Merchant v. Bowyer, 22 S. W., 763.

The contract under which this shipment moved being a written and printed one, appellee should not have been permitted to introduce oral testimony tending to vary the contents thereof in the absence of an allegation by him of fraud, duress, or mutual mistake. Galveston, H. & S. A. Ry. Co. v. Silegman, 23 S. W., 299; San Antonio Lumber Co. v. Dickey, 27 S. W., 955; Anderson Electric Co. v. Cleburn Water Co., 27 S. W., 504; Johnson v. Witt, 32 S. W., 426; Gulf, C. & S. F. Ry. Co. v. Fenn, 76 S. W., 597; McCarthy v. Woods, 87 S. W., 405.

Where the testimony shows that animals alleged to have been injured, were transported for other purposes than for sale upon market at the point of their destination, and they are retained by the owner after reaching their destination, and they are shown to have partially recovered and recuperated from their injured condition, then their actual injury is measured by subsequently developed facts, and not by their apparent injury at the time they are unloaded from the cars. Gulf, C. & S. F. Ry. Co. v. Godair, 22 S. W., 777; Texas & Pac. Ry. Co. v. Klepper, 24 S. W., 567; Texas & Pac. Ry. Co. v. Avery, 33 S. W., 705; Mexican Cent. Ry. Co. v. Goodman, 43 S. W., 583; Texas & Pac. Ry. Co. v. Meeks, 74 S. W., 329; Atchison, etc., Ry. Co. v. Veale & Co., 87 S. W., 202; Texas & Pac. Ry. Co. v. Ellerd, 87 S. W., 362.

Appellee prayed in his petition for damages in the aggregate sum of $750, and the court should not have charged the jury and limited the amount of the recovery to $480 for the reason it had a tendency to lead the jury to believe that the court considered that amount should be recovered by the appellee. Missouri Pac. Ry. Co. v. Christman, 65 Texas, 375.

This appellant should not be called upon to respond in damages as a result of the inherent vice, condition and disposition to fight, of said live stock in this shipment, and the jury should have been so instructed. Ry. Co. v. Harris, 2 S. W., 574; Gulf, C. & S. F. Ry. Co. v. Trawick, 4 S. W., 567; Texas & Pac. Ry. Co. v. Dawson, 78 S. W., 235; Ft. Worth & D. C. Ry. Co. v. Alexander, 81 S. W., 1015; Texas & Pac. Ry. Co. v. Snyder, 86 S. W., 1041.

*G. E. Hamilton*, for appellee.—When a shipper of live stock signs a written shippers' contract, after an oral contract for the shipment has been entered into between him and the carrier, which written contract engrafts new conditions, and imposes new burdens on the shipper, not mentioned in the prior oral agreement, evidence is admissible, under proper pleading to show want of consideration for the written contract. Missouri, K. & T. Ry. Co. v. Carter, 29 S. W., 567; Sou. Pac. Co. v. Anderson, 63 S. W., 1023; Gulf, C. & S. F. Ry. Co. v. McCarty, 18 S. W., 716; Gulf, C. & S. F. Ry. Co. v. Stanley, 33 S. W., 109; San Antonio & A. P. Ry. Co. v. Wright, 49 S. W., 147.

In a suit for damages to horses injured in transit, the measure of damage is the difference in the market value of the animals at the destination, at the time and in the condition they should have arrived and what it was at the time and in the condition they did arrive, and evidence is admissible to show what their market value is, at the destina-

tion, both in the condition they should have arrived and in the condition they did arrive; and where it is shown that there was no demand for them in their injured condition, evidence is admissible to show what they would have brought if sold on the market at their destination. San Antonio & A. P. Ry. Co. v. Dolan, 85 S. W., 304; Texas & Pac. Ry. Co. v. Reeves, 39 S. W., 135.

The measure of damage to live stock injured in transit, is the difference in their market value, injured and uninjured, at the place of destination, unless there is proof which shows they were not injured as seriously as their appearance indicates, in which event if they are not being shipped for market, the measure will be the difference in the actual value; the evidence complained of under this assignment was properly excluded, because it was immaterial. San Antonio & A. P. Ry. Co. v. Wright, 49 S. W., 198; Gulf, C. & S. F. Ry. Co. v. Stanley, 33 S. W., 110.

SPEER, ASSOCIATE JUSTICE.—This appeal is from a judgment in favor of L. B. Rich against the Missouri, Kansas & Texas Railway Company of Texas for damages to a shipment of livestock and a quantity of emigrants' household goods.

There was no error in overruling appellant's special exception addressed to appellee's petition because of its failure to separately allege the items of damage to his live stock by reason of the rough handling, long confinement in the cars, failure to feed and water, etc. In the nature of things the pleader could not definitely state the amount of damages due to each of these causes, and the authorities cited by appellant are not applicable to such a case.

Appellee's testimony that he received no consideration for executing the contract of shipment given in support of his plea of failure of consideration, was not wholly as to a question of law, but was rather a mixed question of fact and of law and there was no error in permitting it. Of course, if there was no consideration for the contract it would not be binding, whether there was a formal plea of fraud, duress, or mutual mistake, or not, and this answers appellant's third assignment.

Appellant's fourth assignment is not supported by the record, for the answer of appellee that he had sold his mules and harness for three hundred dollars appears to have been in reply to a question from appellant's codefendant and not from the appellee, as the assignment states, and we are not prepared to hold the same erroneous on cross-examination.

Over appellant's objection appellee testified: "I think the mule that had the hip sweeny was damaged in the sum of seventy-five dollars and the other one was damaged twenty-five dollars." The objection interposed was that the answer was "irrelevant, immaterial and not the proper measure of plaintiff's damages and not the proper way to prove same, if he had sustained any damages." As against these objections the court committed no error in admitting the testimony.

By proper bills of exception it is shown that the witness, T. J. Jeffries, who testified in behalf of appellee that he was acquainted with the market value of mules and horses, such as appellee's were, if uninjured, in Childress, Texas, and that there was no market value for such stock in the injured condition described by counsel, and after he had placed

the value of appellee's mules in an uninjured condition at three hundred and fifty dollars, was then asked by appellee's counsel the following question: "What would the same mules with their legs badly swollen, skinned and bruised in places all over, drawn, shrunken, and one of them suffering with hip sweeny and both lame, have been worth on the market at Childress in October, 1906?" To this the witness replied: "As stated before, there was no market value at Childress in October, 1906, for animals of this class in the injured condition detailed by you, but they could not be sold for half as much as if uninjured." Counsel for appellant then asked the witness the following question: "If there was no market value for such animals as these in their injured condition and you think they could not have been sold for more than half as much as they could if uninjured, upon what do you base your judgment, and is it not a fact that the reason you say they could not be sold for more than half what they would sell for if uninjured, is because you do not know the extent of their injury, and if you knew they would soon recover from such injuries they could be sold for a great deal more than half?" Upon appellee's objections the witness was not permitted to answer this question. We have recently indicated in the case of Fort Worth & Rio Grande Ry. Co. v. Word, that the measure of damages for injuries to a shipment of live stock not intended for immediate market was to be determined by the same rules as though the animals were to be sold on the market, but that in arriving at the amount of such damages, the subsequent history of the animals with respect to their recovering from the injuries was a proper subject of inquiry to aid the jury in determining the extent of the real injuries, and while the damages are to be fixed as of the date when the animals reached their destination, yet the rapidity with which they are shown to have recovered from their bruises and other injuries is a potent circumstance in determining the real as against the apparent damages sustained. In keeping with this principle appellant should have been permitted to thoroughly cross-examine the witness Jeffries to test the accuracy of his opinion, for it was only an opinion at best, that the animals in controversy had sustained injuries to the extent of one-half their value. For this error the judgment of the County Court must be reversed.

As indicated above, we hold against appellant as to its contention that the difference in the market value of appellee's animals in an injured and uninjured condition was not the measure of his recovery.

We are inclined also to hold that the court erred in his charge wherein he instructed the jury if they found for the plaintiff to return a verdict for his damages "not to exceed $480." The prayer of the petition was for seven hundred and fifty dollars upon this item, and if that sum had been named as the maximum limit of the recovery the reference perhaps would not have been reversible. It has several times been held to be improper for the court in his charge on the measure of damages or amount of recovery to make reference to the amount claimed in the plaintiff's petition. (Glasscock v. Shell, 57 Texas, 215; Willis v. McNeill, 57 Texas, 465; Galveston, H. & S. A. Ry. Co. v. Kelley, 26 S. W., 470; Texas & Pac. Ry. Co. v. Huffman, 83 Texas, 286; Texas & N. O. Ry. Co. v. Carr, 42 S. W., 126.) On the other hand it has also been held that where the evidence supports the amount of the verdict

and there is nothing to indicate that the jury was influenced by the charge, the error is not ground for reversal. See authorities cited in Texas & N. O. Ry. Co. v. Carr, *supra*. In the present case much of the testimony was to the effect that appellee's animals would have been worth about one thousand dollars in an uninjured condition and that they were damaged to the extent of one-half their value. In this state of the evidence the trial court's charge that the verdict should not exceed the sum of four hundred and eighty dollars was particularly misleading, especially in view of the fact that the verdict actually returned was for that amount. We can not say that the error was harmless, but are inclined to the view that it improperly influenced the jury in reaching a verdict.

Appellant's requested charges were all correctly refused; the first because it improperly directed a verdict for the defendants if the jury were unable to determine from the testimony what amount of damages occurred on the line of the respective defendants; and the fourth, because it directed a verdict for the defendants, notwithstanding their negligence resulting in injury to appellee's stock, if the animals themselves had contributed to their injuries by their inherent vice, etc. There was no issue in the case of appellee's contributory negligence in placing vicious animals in the car together, and the mere fact that the animals may have bitten, kicked, or otherwise injured each other, would be no excuse for appellant's negligence.

In view of another trial, we call attention to appellant's special charge No. 7, which was given. This charge was clearly upon the weight of the evidence in that it directed the jury to adopt as their verdict the lowest estimate made by any of the witnesses of appellee's damages.

The judgment of the County Court as between appellant, the Missouri, Kansas & Texas Railway Company of Texas and the appellee is reversed and remanded for another trial, but as to the Fort Worth & Denver City Railway Company the judgment is not disturbed.

*Reversed in part and affirmed in part.*