### STATE et al. v. GINDRATT et ux.
### No. 2361.

Court of Civil Appeals of Texas. Waco.

Nov. 6, 1941.

Gerald C. Mann, Atty. Gen., Geo. W. Barcus, Ross Carlton, and Richard H. Cocke, Asst. Attys. Gen., and Seale & Seale, of Centerville, for appellant.

Gaynor Kendall, and Homer C. DeWolfe, both of Austin, for appellees.

TIREY, Justice.

Plaintiffs brought this suit against the State of Texas and the Highway Commission, under authority of an Act of the Legislature, for damages sustained to their

lands by reason of the building of Highway 75. Appellees owned a tract of land abutting the east side of the highway and alleged that in the building and constructing of said highway a levee was cut by the contractor building said highway, and that by reason thereof water in flood times flowed down Boggy Creek and under the highway bridge and overflowed on to the lands of the plaintiffs, thereby causing the damages. The cause was tried to a jury and on the verdict of the jury the trial court entered judgment for appellees, and the State has appealed.

■ Appellants' eleventh proposition is: "The jurors having testified on motion for rehearing that they first decided to allow appellees the sum of $750.00 and that they then so framed their answers to accomplish such result, it was error for the trial court to refuse to set aside the verdict and findings of the jury and grant appellants a new trial." This assignment must be sustained and it will require that the cause be reversed and remanded for a new trial.

The measure of damages was submitted in two issues:

"What do you find from a preponderance of the evidence to be the reasonable cash market value of the lands in question per acre immediately prior to the destruction of a portion of said levee, if a portion thereof was destroyed by the construction of U. S. Highway 75? Answer in dollars and cents, if any, per acre." To which the jury answered: "$50.00 per acre for 75 acres."

"What do you find from a preponderance of the evidence to be the reasonable cash market value of the lands in question per acre immediately following the destruction of a portion of said levee, if a portion thereof was destroyed, by the construction of U. S. Highway 75? Answer in dollars and cents, if any, per acre." To which the jury answered: $40.00 per acre for 75 acres."

At the hearing on the motion for new trial three of the jurors testified substantially to the effect that the jury could not agree on a verdict, and that they so reported to the court, and that after the court had talked to them on two different occasions, while they were considering of their verdict, they returned to the jury room and agreed to allow the plaintiff damages for the sum of $10 per acre on 75

acres of land, or a total damage of $750. One of the jurors stated: "We just discussed it and I told Judge Davis that we couldn't decide it. I didn't tell him what and we just discussed it the next morning and it seemed like all of them were willing to give him a little—said it would be cheaper for the State to give Mr. Gindratt— render a verdict in his favor and that's what we agreed to do * * * ,rather than let it stay in court. * * * We just discussed those questions and said it was immaterial. We agreed to give him $10.00 an acre for the damage. And we considered that immaterial—whether it was $10.00 an acre and made it not worth anything afterwards or whether it was $20.00 and $30.00 and we just put $50.00. That's what we agreed. * * * That is what we did. * * * It was my recollection and the way the jury thought that they said he worked 75 acres. * * * and some of them wanted to give him $15.00 an acre and some of them * * * didn't want to and we just decided we would give him $10.00 and some of them said just let it be $750.00. $10.00 would be $750.-00 on 75 acres." The testimony of the other two jurors adduced on the motion for rehearing, although not in the same words, was substantially to the same effect.

We have carefully reviewed the statement of facts and find very little primary evidence in this record tending to show that 75 acres of plaintiffs' land was damaged by flood waters after the construction of said highway, or that the 75 acres so flooded had a reasonable market value of $50 per acre before the highway was built, and that it had a reasonable market value of $40 per acre thereafter. In fact, the evidence in support of the plaintiffs' cause of action is so meager that we think the conclusion is inescapable that the jury, before it answered the issues submitting the measure of, damages, determined first the amount of damages that it would award the plaintiffs and then answered the issues so as to allow damages of $10 per acre on 75 acres of land.

■ It appears to be the settled law in Texas that it is error for a jury to agree on whether the plaintiff or defendant should be allowed to recover and then proceed to answer the issues submitted so as to accomplish such result. Scale v. Schultz, Tex.Civ.App., 3 S.W.2d 563; McGee v. Cunningham, Tex.Civ.App., 17 S.W.2d 494;

Murray v. Morris, Tex.Civ.App., 17 S.W. 2d 110; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770.

In view of the fact that this case must be reversed and remanded for a new trial, we think we should say that the evidence was sufficient to show that plaintiffs had a prescriptive right in the dam as it existed prior to the building of the highway under the rule announced by the Supreme Court in Thomas v. Fin & Feather Club, 106 Tex. 490, 171 S.W. 698; and that plaintiffs' petition states a cause of action under the case of State v. Hale, 136 Tex. 29, 146 S.W.2d 731.

The other errors assigned should not arise on another trial and, for that reason, we will not discuss them.

The judgment of the trial court is reversed and the cause is remanded for a new trial.