### NAT WETZEL v. M. W. SATTERWHITE.

Decided January 24, 1910.

**1.—Trespass—Joint Tort Feasors—Liability.**

The act of entering and building a fire in a house, although the same was open and unoccupied, without the consent of the owner, is a trespass and would render any and all parties participating therein or aiding, abetting, inciting, encouraging or directing the same by conduct or words, liable for the consequences proximately resulting therefrom, as, for instance, the burning of the building; and this, without regard to any question of negligence on their part. Nor did it matter that other persons on other occasions had committed trespass by entering and using the same house without the owner's consent.

**2.—Same—Destruction of House—Measure of Damage.**

In a suit for the value of a house set on fire and destroyed by trespassers, the measure of damage would be the difference between the value of the premises just before and just after the destruction of the house. Where the house was old, testimony as to the price of new lumber would be irrelevant.

**3.—Same—Ownership—Evidence.**

In a suit against trespassers for the value of a house burned by them, the owner may give oral testimony as to his ownership.

**4.—Appeal—No Brief for Appellee—Practice.**

In the absence of a brief for appellee the appellate court may take as true the statement from the record in appellant's brief as to the evidence and that it constitutes all the evidence in support of the verdict.

**5.—Tort—Insufficient Evidence.**

In a suit against several trespassers for the value of a house alleged to have been burned by them, evidence reviewed and held insufficient to connect appellant, one of the trespassers, with the making of a fire in the house which caused the house to burn. The mere statement by the witnesses that "they" or "we" did or said so and so, with nothing to indicate that it referred to all of the party, would not be sufficient to support a verdict against any particular one.

Error from the District Court of Houston County. Tried below before Hon. B. H. Gardner.

*W. H. Ward* and *Porter Newman* for appellant.—When a tort is committed by one, and others are sought to be held in damages with the party creating the tort by reason of directing, entering or suggesting, it must be shown that the party in committing the tortious act, acted upon the suggestion or direction of the party or parties sought to be held, and that the act was the result of a common design or understanding, and that the parties suggesting, entering or inviting would have been interested or benefited by the commission of the tortious act. Meadows v. Truesdell, 56 S. W., 932; Hyde v. Cooper, 26 Vt., 552; 1 Cooley on Torts (3d ed.), pp. 213 and 214, secs. 145 and 146.

(Third Assignment of Error.)—The court erred in refusing to give to the jury defendant's special charge No. 1, which is as follows: "You are instructed that the uncontroverted evidence in this case shows the defendants Porter Newman and Nat Wetzel are not liable in this case, and you are instructed to return a verdict for them, because the evidence showed that the defendants Newman and Wetzel did not tell Badu, or anyone else, or engage in any conversation relative to the building of a fire in said house, and that they had no knowledge that same was to be done, and had no interest in the building of a fire in said house." Meadows v. Truesdell, 56 S. W., 932.

(Fourth Assignment of Error.)—Plaintiff must show occupancy of land, or title from sovereignty of the soil at the time the alleged damages accrued, before he can recover. Western U. Tel. Co. v. Hearne, 7 Texas Civ. App., 70, 71, and authorities there cited; City of Lafayette v. Wortman, 107 Ind., 404.

Where damages result from the commission of a tort through the spread of fire, one sought to be held liable for such damage though not present, must first be shown to be guilty of negligence or contributory negligence in the kindling or the spread of said fire. Cooley on Torts, sec. 700, p. 1221; Am. Enc. of Law, p. 407, sec. 4; Martin, Wide & Fitzhugh v. Texas & P. Ry. Co., 87 Texas, 117; St. Louis S. W. Ry. Co. v. Knight, 41 S. W., 416, 20 Texas Civ. App., 477; International & G. N. R. Co. v. Timmerman, 61 Texas, 660; 1 W. & W., secs. 651 to 655; Brown v. Brooks, 21 L. R. A., 255 (leading case); Meadows v. Truesdell, 56 S. W., 932; Hewey v. Nourse, 54 Me., 256; Bachelder v. Heagan, 18 Me., 30.

(Sixth Assignment of Error.)—The court erred in failing to give. to the jury defendant's special charge No. 6, which is as follows: "You are charged that the mere fact that the defendants told N. J. Badu to build a fire in said house is not of itself negligence or contributory negligence, and if you find that this is the only act which connects these defendants with the burning of the house, then you are charged to find for the defendants E. B. Hale, Nat Wetzel and Porter Newman." Because the only evidence which tended to connect defendants with the burning of said house was the statement of Badu, and this statement only connected the defendants Newman and Wetzel by innuendo.

(Eighth Assignment of Error.)—The court erred in failing to charge the jury that although defendants Wetzel and Newman were present,

if they did not direct or suggest to the defendant Badu, or were not interested in the building of a fire in plaintiff's house, they would not be liable, because the evidence on this point was contested, and the defendants were entitled to have the same submitted to the jury."

(Ninth Assignment of Error.)—The court erred in allowing the witness Brown to testify to the market value of lumber at a point ten miles east of Crockett, in Houston County, Texas, and taking as a basis the price of lumber at Westville and Groveton, in Trinity County, thirty miles away, because it was shown that the witness had not been in said community where the damage was complained of for a period of two years, and it was shown that there was a sawmill in said community ten miles east of Crockett where the market was being located. Fort Worth & New Orleans Ry. Co. v. Wallace, 74 Texas, 584; Pacific Express Co. v. Lasker Real Est. Assn., 81 Texas, 81.

(Tenth Assignment of Error.)—The court erred in permitting the witness Satterwhite, plaintiff in the case, to testify, over defendant's objection, that he was the owner of the land and premises described in plaintiff's petition, because it is a conclusion of law to be drawn from a given statement of facts—this being a suit for damages to realty. Gilbert v. Odum, 69 Texas, 673; Mooring & Lyon v. Mc-Bride, 62 Texas, 312; Herndon v. Davenport, 75 Texas, 462; Hickman v. Gillum, 66 Texas, 314.

No brief for appellee.

REESE, ASSOCIATE JUSTICE.—This is an appeal from a judgment for plaintiff in a suit instituted by M. W. Satterwhite against Nat Wetzel and several others for damages for burning a house belonging to plaintiff. Damages were laid at $1450. Upon trial, with the assistance of a jury, there was a verdict for plaintiff against all of the defendants, except one who was dismissed, for $414.12, upon which judgment was entered. This appeal, by writ of error, is by Nat Wetzel. No briefs have been filed for appellee.

The facts briefly are that on or about December 16, 1907, appellant Wetzel, together with four other gentlemen, started out from the town of Crockett to go some ten miles into the country for the purpose of hunting birds. In the party were Badu, Hale, Newman, Forbes and Wetzel. Near where they were to begin their shooting was the house which was burned, which belonged to Satterwhite. Arriving at or near this house the parties stopped, dismounted and prepared for the hunt. Badu declined to hunt, and said he would stay at the house until the parties returned. As the weather was cool he went into the house, whether before or after all of the other parties left does not appear conclusively, and built a fire in the fireplace. The gate to the yard fence was down and the door to the house open, and there were signs that the house had been used by campers. After the parties had all left, Badu discovered that the house was on fire, and lacking any means to get on the roof, it was destroyed. The other parties hearing the alarm given by Badu came up before the house was entirely consumed, and tried to put out the

fire, but were unable to do so. The only evidence tending to connect Wetzel with the building of the fire in the chimney will be shown under the assignments of error, that there is no evidence to support the verdict and judgment against him.

It was not error to charge the jury that if Hale, Wetzel and Newman, or either of them, without the consent of Satterwhite, invited, directed or suggested to Badu that he enter the house and build a fire, either or all of said parties so entering, directing or suggesting would be liable for the damages. The charge, however, is not accurately worded. We assume that the court intended to say that all persons "so advising, directing or suggesting" instead of all persons "so entering, directing or suggesting" would be liable. Merely suggesting and advising Badu to go into the house, without any suggestion or advice to build the fire, would not render such person so liable. It could not be reasonably anticipated that from such suggestion or advice Badu would build the fire, and this principle was recognized in the charge. The act of entering and building a fire without Satterwhite's consent was a trespass, without regard to any question of negligence, and rendered any of the parties participating therein or aiding, abetting, inciting, encouraging or directing by conduct or words the building of the fire, liable for the proximate consequences. (28 Am. & Eng. Ency. of Law, 566-7; 1 Waterman, Tres., sec. 23; Wolf v. Perryman, 82 Texas, 120.) The first and second assignments of error presenting the point are overruled.

It was not error to refuse the instruction requested as set out in the third assignment. If it had referred to appellant Wetzel alone, we think it should have been given. Nor did it matter that the owner was not at the time in actual possession of the house, or that other persons had committed trespass by entering and making use of the same without the owner's consent. That it was appellee's house was sufficiently shown by uncontroverted evidence. The fourth assignment is overruled.

The fifth and sixth assignments are overruled without further discussion, except to say that it was not a question of negligence at all. It did not at all matter how careful the parties causing the fire may have been.

The requested charge referred to in the seventh assignment should have been given. There was some evidence that the person or persons who told or suggested to Badu to make a fire, did not tell him to build a fire in the house.

The eighth assignment is overruled. If error at all, it was a mere omission in the charge and should have been supplied by a requested charge.

We are inclined to think that it was error to admit, over objection, the testimony of the witness Brown as to the price of new lumber, as set out in the ninth assignment. The true measure of damages, as submitted in the court's charge, was the difference between the value of the premises just before and just after the destruction of the house. It was quite an old house, considerably out of repair. We can hardly see how the price of new lumber at the time of the fire

would assist in determining the amount of damage, according to the measure stated in the court's charge.

There was no error in the admission of the testimony of Satterwhite as to his ownership, as set out in the tenth assignment.

The eleventh assignment assails the verdict and judgment as being without evidence to support them, and must be sustained as to the appellant Wetzel. There being no briefs on file for appellee, we are required to take as true the statement from the record in appellant's brief as to the evidence and that it constitutes all the evidence in support of the verdict. If appellee was not satisfied with the correctness of this statement he should have filed a brief denying its correctness and setting out such evidence, if there is any in the record. (Rule 31, 40, 41; 94 Texas, 660-1-2.)

We have, however, on account of the meagre statement following this assignment examined the record carefully and we fail to find any evidence tending in any legitimate way to show that appellant, either by himself or acting with either or all of the other parties, had anything to do with the making of the fire in the house or with advising, directing or suggesting to Badu to make such fire. There were five persons in the party. The only testimony on this point for appellee is that of Badu and the testimony of T. B. Satterwhite, which, although hearsay (except as to Newman and Hale), was not objected to on that ground, and must therefore be considered, as to what Newman and Hale told him. Neither of them mentioned Wetzel's name as having either had anything to do with building the fire or with suggesting that Badu build one in the house. The statement that "they" or "we" did or said so and so, with nothing to indicate that it referred to all of them, in view of the fact that there were four persons there in addition to Badu, is not inconsistent with the entire innocence of Wetzel, who can not be condemned for his silence alone when any of the others spoke. It might serve to create a bare surmise or suspicion of his guilty participation in the trespass, but no more, and that is not sufficient; is in fact no evidence. (Joske v. Irvine, 91 Texas, 574.)

The fire was not built for the comfort of Wetzel, nor is there any evidence to show that he shared in its benefits. The evidence does not tend to show a common design, in which Wetzel shared. He can not be condemned on the principle illustrated by the story of old dog Tray, simply because he was in bad company. The evidence should show, or at least tend to show, that he did something by way of encouragement, advice or suggestion which led, or helped to lead, to the building of the fire, or that there was a common design or purpose of which he knew and in which he participated, that a fire be built in the house, and this must be shown by something more definite than statements that "we" or "they" did so, without indicating that by such language all of the persons present were meant.

We are of the opinion that the judgment should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*