WORLD'S SPECIAL FILMS CORPORA-
TION v. FICHTENBERG.

(No. 5454.)

(Court of Civil Appeals of Texas. San Anto-
nio. April 28, 1915. Rehearing
Denied May 26, 1915.)

1. DAMAGES ⬦157—ISSUES—BREACH OF CON-
TRACT—DENIAL—SCOPE OF.

New affirmative matter of defense cannot
be brought in by a general denial; hence, in
an action for breach of contract, defendant, who
did not specially plead it, cannot urge that plain-
tiff did not attempt to minimize his damages.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 429–438, 440, 447, 449–453; Dec.
Dig. ⬦157.]

2. TRIAL ⬦251—INSTRUCTIONS—PLEADING.

An issue not raised by the pleading should
not be submitted.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 587–595; Dec. Dig. ⬦251.]

3. TRIAL ⬦253—INSTRUCTIONS—EVIDENCE.

An issue clearly raised by the evidence
should be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 613–623; Dec. Dig. ⬦253.]

4. TRIAL ⬦260—INSTRUCTIONS.

Charges covered by charges given are prop-
erly refused.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 651–659; Dec. Dig. ⬦260.]

Appeal from Harris County Court, at Law;
Clark C. Wren, Judge.

Action by H. Fichtenberg against the
World's Special Films Corporation. From a
judgment for plaintiff, defendant appeals.
Affirmed.

Hunt, Myer & Teagle and Rodman S. Cos-
by, all of Houston, for appellant. B. F. Lou-
is, of Houston, for appellee.

CARL, J. Appellee, H. Fichtenberg, doing
business as Isis Theater, sued appellant for
damages for breaching a contract whereby
appellant agreed to furnish appellee a film
for a special feature picture known as "Pro-
tea," to be run three days beginning Novem-
ber 24, 1913, in appellee's theater in Hous-
ton, and recovered $229. It was alleged that
appellee was to receive $135 of each day's
proceeds, and the excess over and above that
amount was to be divided equally between
the parties. On November 18th appellant ad-
vised appellee that the contract was cancel-
ed, and it is alleged that appellee had gone
to expense in advertising the special feature
show; that appellant had knowledge that
appellee only used "first run" pictures, be-
cause it had direct notice of that fact, and
also by reason of the universal custom of ap-
pellee to use only first run pictures, of which
custom, it was claimed, appellant knew. The
suit was for $429.24, being the amount ap-
pellee would have received had the film "Pro-
tea" been delivered and exhibited, based on
the number of adults and children who ac-
tually attended the theater during the three
days, and $300 for alleged loss which appel-
lee suffered by reason of the loss of addi-
tional patronage which he would have secur-
ed by virtue of additional advertising. The
answer was a denial, paragraph by para-
graph; no special defense being pleaded.

The first assignment of error complains of
the action of the trial court in refusing to
permit the witness Sanford to testify as to
whether, in his opinion, the plaintiff could
have procured another special feature film
along the same general lines as the film "Pro-
tea" if he had made an effort to do so. As
a proposition, appellant submits that it was
the duty of appellee to minimize the damage
arising from the breach of the contract as
far as he could by getting and using other
special films along the same general lines as
"Protea."

[1] We have called attention to the fact
that the answer does not set out any affirma-
tive plea of matters in the nature of avoid-
ance. And while under the answer as made,
which is equivalent to a general denial un-
der the old practice, any evidence could be
introduced which would defeat the action
for damages, or which would tend to show
that appellee had not been damaged as al-
leged, testimony would not be admissible
tending to support a theory avoiding the ac-
tion unless that matter should be pleaded.
In this character of case appellant is in the
attitude of saying: "It is true the contract
has been breached, and you have been dam-
aged; but you cannot recover because of
your own contributory negligence in failing
to at least attempt to get other films. Be-
cause of your negligence this company is not
liable."

"It is well settled by repeated decisions of the
Texas courts that new affirmative matter of
avoidance or defense cannot be given in evi-
dence under a general or special traverse, but
must be specially pleaded." Willis & Bro. v.
Hudson, 63 Tex. 678; Smothers v. Field, etc.,
Co., 65 Tex. 435; Winn v. Gilmer, 81 Tex. 345,
16 S. W. 1058; Farmers', etc., Nat. Bank v.
Taylor, 91 Tex. 78, 40 S. W. 876, 966.

If the defendant is satisfied to simply de-
ny the case as pleaded and seek to disprove
same, he may rest upon his denial of the al-
legations made; but when he relies on any
special matter of defense to defeat the cause
of action he should allege and prove the
same. When the plaintiff makes out a pri-
ma facie case, the burden of establishing
special defenses which would defeat such
prima facie case shifts to the defendant so
relying on such special defenses, and, unless
he has pleaded these defenses, he certainly
cannot prove same. The first assignment is
overruled. Moody & Co. v. Rowland, 100
Tex. 363, 99 S. W. 1112; Murchison v. Man-
sur-Tibbetts Implement Co., 37 S. W. 605.
We especially refer to the case of Moody &
Co. v. Rowland, supra, as being a recent
clear-cut decision by the Supreme Court.

[2] There being no pleading to support the
evidence upon the matters above referred to,
it was not error for the court to refuse to

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

charge thereon, and the second and third assignments are overruled.

[3] The evidence clearly raised the issue as to whether appellant was advised of appellee's custom never to use anything but first run films, and the court did not err in charging thereon. The fourth and fifth assignments are overruled.

[4] The matters complained of in the sixth assignment by reason of the failure of the court to give defendant's specially requested charge No. 2 were covered in the court's main charge, and it was not necessary to give same. This assignment is overruled.

We have examined the other assignments of error, and, finding them without merit, they are overruled.

The judgment is affirmed.