EAST SIDE REALTY CO. v. FOWLER.
(No. 7928.)

(Court of Civil Appeals of Texas. Dallas. March 30, 1918. Rehearing Denied May 4, 1918.)

INJUNCTION ☞123 — PLEADING AND PROOF —TITLE TO LAND—DEED.

In a suit for injunction to compel removal of a ditch constructed by defendant across plaintiff's land, a special warranty deed to plaintiff from his vendor was admissible as a link in his chain of title, though plaintiff's allegations did not show title from the sovereignty of the soil, where he testified without objection that he was the owner of the lot, and there was other evidence carrying his title back to the sovereignty of the soil, and there was neither plea nor proof that any one other than plaintiff owned the land.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by D. E. Fowler against the East Side Realty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

H. E. Kenny and Walter M. Nold, both of Dallas, for appellant. George & Hardwicke, of Dallas, for appellee.

RAINEY, C. J. This suit was instituted by appellee against appellant for a mandatory injunction, alleging that appellee was the owner of a certain lot, describing it, and further, in substance:

"That said property was situated in the residence portion of the city of Dallas, and was suitable for building purposes; that on or about January 1, 1915, defendants, without plaintiff's knowledge or consent, dug a ditch through said property practically the width and entire length of said property, from three to four feet deep, for the purpose of turning surface water that gathered and accumulated upon the property of defendant, situated some distance from the property in question; that by reason of the excavation all the surface water accumulating on contiguous property was caused to flow through said ditch and over plaintiff's land each time it rains, by reason of which plaintiff's property has been irreparably injured, ruined as a residence lot, said ditch creating a nuisance and endangering the lives and health of the occupants of any residence which might be erected thereon; that the damage resulting therefrom is incapable of ascertainment; that plaintiff has no adequate remedy at law, and if defendants are permitted to maintain said ditch, such act will ripen into permanent easement, and plaintiff would be deprived of the use of the lot and the value of the land; that the sale of said property by reason of the excavation is greatly impaired; that defendant, without plaintiff's authority or consent, had willfully trespassed upon said property, built and maintained said ditch, caused surface water to be turned thereupon; that the lot in question is more valuable to plaintiff than its reasonable market value. Plaintiff prayed that a mandatory injunction be granted requiring the defendants to restore said lot to its former condition, for costs of suit."

Appellant answered by general demurrer and general denial.

A trial resulted in a judgment in favor of appellee, from which this appeal is taken. The evidence fully established the material allegations of the appellee's petition.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Only one assignment of error is presented by appellant, which is:

"The court erred in admitting in evidence, over the objection of this defendant, the deed from D. [B.] L. Wade to D. E. Fowler, purporting to convey to him the property which is alleged to be the property for the restoration of which is sought a mandatory injunction against this defendant, because it was not alleged or proven that plaintiff was in possession of said property, and it was not alleged or proven that plaintiff's supposed grantor had any title to said property, all of which more fully appears from this defendant's bill of exception No. 1."

The proposition submitted under this assignment is:

"This being a suit for mandatory injunction to restore to plaintiff in its former condition a lot of land alleged to have been appropriated by defendant by digging a ditch therethrough, practically the size of the lot, it was error for the trial court to admit in evidence, over defendant's objection, a deed purporting to convey the land to plaintiff, there being no allegation or proof that plaintiff was in possession of the land or that his supposed grantor had any title thereto."

The deed objected to by appellant and admitted in evidence is in the usual form of warranty deed, except the warranty is restricted to those claiming by, through or under the grantor and was executed by B. L. Wade to D. E. Fowler, conveying the lot in controversy.

The objection to the introduction of said deed was that there was no allegation in appellee's petition showing title from the sovereignty of the soil in plaintiff.

The deed was a muniment in the chain of title, but there was no connection shown with the sovereignty of the soil by it. Yet with other evidence introduced by the appellee it was admissible as a circumstance to prove ownership in the lot in appellee, who by oral testimony, without objection, testified that he was the owner of said lot, and the agent of appellant admitted the ownership to be in appellee. Such oral proof was sufficient to establish ownership in the lot. Wetzel v. Satterwhite, 59 Tex. Civ. App. 1, 125 S. W. 93; Campbell v. Peacock, 176 S. W. 774; 17 Cyc. 484.

There was no plea or proof that appellant or any one other than appellee owned the land.

The evidence fully sustains appellee's right to a recovery, and the judgment is affirmed.

Affirmed.