## UNION CITY TRANSFER CO. v. TEXAS & N. O. RY. CO.
### No. 2299.

Court of Civil Appeals of Texas. Beaumont.

Dec. 29, 1932.

Rehearing Denied Jan. 4, 1933.

Barnes & Barnes and F. S. Jones, all of Beaumont, for appellant.

Duff & Cecil, of Beaumont, for appellee.

WALKER, C. J.

Appellant, Union City Transfer Company, instituted this suit in the district court of Jefferson county against appellee, Texas & New Orleans Railway Company, claiming damages in the sum of $2,752.62, as a result of a collision between its truck and trailer and one of appellee's passenger trains, on the 6th day of August, 1930. Commercial Standard Insurance Company intervened, claiming the right of subrogation as to certain items of damage pleaded by appellant. Appellee answered by pleas of general and special demurrers, general denial, contributory negligence, etc., and by cross-action against appellant for the sum of $882.81, damages to its equipment as the proximate result of appellant's negligence in colliding with its train. Upon trial to a jury, appellee's special defenses against appellant's cause of action were sustained, and it was awarded damages against appellant on its cross-action for the sum of $650. Upon the verdict, judgment was entered that appellant and intervener take nothing by reason of their claims against appellee, and that appellee recover judgment against appellant for the sum of $650 on its cross-action.

### Opinion.

We sustain appellant's proposition that the answer of the jury to appellee's "Special Requested Issue No. 5," together with the testimony in the record, does not support the judgment of $650. This issue was worded as follows: "What was the reasonable cost to the defendant and cross-plaintiff of repairs to its locomotive and two cars?"

The answer was "$650.00." The correct measure of damages to personal property is the difference between its reasonable market value immediately before injury and immediately after injury; and, if it has no "market value" at the time and place of injury, then the damages should be calculated upon the basis of its actual value. But, as in Milby Auto Co. v. Kendrick (Tex. Civ. App.) 8 S.W.(2d) 743, 744, El Paso Electric Co. v. Collins (Tex. Civ. App.) 10 S.W.(2d) 397, and Chicago, R. I. & G. Railway Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912, 915, our courts permit recovery of the reasonable value of replacements and repairs, made necessary by the injury, when by such replacements and repairs the injured property is restored "to its former condition immediately before the accident" (see the Kendrick Case, supra), and, as held in the Zumwalt Case, if the injured article, after being repaired, is worth less than it was before the injury, "the difference in the value of the article before the accident and after such repairs are completed may also be recovered." In order to recover the cost of replacements and repairs, it is also the rule that the bill for the repairs must not exceed the difference between the market value of the car before and after the injury, as held by this court in White v. Beaumont Implement Co., 21 S.W.(2d) 559. Texas Jurisprudence, vol. 13, p. 160, offers the following accurate criticism of the rule contended for by appellee in support of this issue: "The rule announced by some authorities that the reasonable value of necessary repairs caused by an injury to personal property should measure the damage is inaccurate or incomplete, the reason being that after having been repaired the property may be of greater or less value than before the injury, necessitating that such increased or decreased value be added to or subtracted from the cost of the repairs."

There was no proof of the value of appellee's injured property immediately before the injury nor immediately after the injury, nor did it offer proof that the repairs sued for merely restored the property to its former condition immediately before the accident. In explanation of this omission in its proof, appellee says that railway engines and its other property damaged by appellant in the collision, had no market value at the time and place of the collision. The point may be conceded, but, without relation to the issue of value, if appellee was unable to prove either market value or actual value, it was required to show, at least, that the repairs did not restore the property to a better condition than it was before the accident. The Court of Appeals of Kentucky, in Robson v. Zumstein Taxicab Co., 198 Ky. 365, 248 S. W. 872, 873, stated the law of this special issue correctly. It was there said: "While the reasonable cost of repairs is always admissible on the question of damages, yet, as the repairs may render the article more valuable than it was before the injury, he who causes the injury is not required to bear the full expenditure for the repairs, but is only liable for the difference in the market price of the article before and after the injury."

It follows that appellee's judgment against appellant, on its cross-action, must be reversed, and this phase of the case remanded for a new trial. But, as appellant has no assignments or propositions against the judgment in appellee's favor on its cause of action against appellee, we order that the judgment of the lower court in this respect be in all things affirmed, and also that the judgment against intervener be in all things affirmed.

Affirmed in part, and reversed and remanded in part.