**WHITEHEAD et al. v. ZEILLER.**

No. 15486.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 19, 1954.

Rehearing Denied March 19, 1954.

690

Robert Sansom and Henry Mack, Fort Worth, for appellants.

Clyde & Barnes, and Al Clyde, Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff E. L. Zeiller brought suit against R. S. Whitehead. The petition alleged that plaintiff was the owner of Lot No. 3, Block No. 1, Inspiration Point Addition to the City of River Oaks, Tarrant County, Texas; that the lot faced east and the back sloped toward the west, abutting on an unimproved road; that during the summer of 1951, the defendant, in attempting to widen and improve the unimproved road and without the consent of the plaintiff, went upon plaintiff's land and cut down his property to a depth of approximately 6 feet and approximately 12 feet inside the plaintiff's property line; as a result of such conduct the plaintiff's land commenced to slip and erode; plaintiff remonstrated with the defendant, whereupon the defendant attempted to repair the damage by dumping rocks and fill dirt in the cut he had made on plaintiff's property, but the same was wholly insufficient to hold the erosion that had commenced as the result of the wrongful conduct of the defendant; the work done by the defendant on plaintiff's land destroyed the original contour of plaintiff's property and removed from plaintiff's property the lateral support necessary to prevent erosion and slippage, and caused the destruction of a number of trees on plaintiff's property and rendered the west end of plaintiff's lot useless. He asked for damage in the sum of $2,500.

An answer was filed by defendants H. G. Whitehead, Jr., and R. S. Whitehead. H. G. Whitehead, Jr., alleged he was the owner of a tract of 37 acres lying west of plaintiff's property and R. S. Whitehead was his attorney in fact in all matters pertaining to said tract. The answer consisted of a general denial and a defensive plea to the effect that if any damage occurred to plaintiff's lot such damage was caused by plaintiff's own efforts to terrace the lot, coupled with the existence of a natural spring or water seepage thereon.

Plaintiff's evidence was that when he bought the lot a dirt road was located 7 or 8 feet from his property line. Soon thereafter the defendants entered on his, the plaintiff's, property and cut 10 feet inside his property line to an average depth of 5 feet all along his west line. His soil began to slip and slide. The defendants made efforts to stop the slippage by filling in with rocks and dirt. The west end of his lot, however, collapsed and the rear of the lot broke away for a distance of 30 feet into his property and slid onto the road defendants had built. The soil slipped out from under large trees, causing them to fall. The rear 30 feet of his lot, across the west end thereof, is now useless for any purpose. Evidence of a real estate dealer estimated the reasonable cash market value of plaintiff's property at $12,500 before the damage and $10,000 after the damage.

The jury found that the plaintiff's property was damaged by reason of the work done by defendants while improving the road and that the reasonable cash market value of the lot before the work was $12,500 and after the work the reasonable cash market value of plaintiff's property was $10,000.

The defendants did not except to the issues submitted and did not request any issues.

Based on the jury's findings and "such additional considerations and findings as were authorized by law," the trial court entered judgment for plaintiff for $2,500.

On appeal the appellants do not attack the finding in Issue No. 1 that appellee's property was damaged, but by point of error submit that as owners of the land on which the road was located they had the absolute right to grade the same without liability to appellee in the absence of negligence or unreasonable action.

The Supreme Court in Williams v. Thompson, Tex.Sup., 256 S.W.2d 399, 403, affirming Thompson v. Williams, Tex.Civ. App., 249 S.W.2d 238, after holding that the plaintiff in that case was not entitled to damages for destruction of lateral support, the parties not being adjoining land owners, reaffirmed this principle: "It is undoubtedly the rule in this state as well as in most other jurisdictions that each of two adjoining landowners is entitled to the lateral support of the other's land; this right is one of property necessarily and naturally attached to and passing with the soil."

■ The right to support of land in its natural state by the adjoining land is not dependent on any question of care or negligence. 1 Tex.Jur., p. 709, sec. 7; Simon v. Nance, 45 Tex.Civ.App. 480, 100 S.W. 1038,

■ The parties in the instant suit were adjoining land owners. It does not appear that it was necessary for appellants to destroy appellee's lateral support in order to improve the road.

Although the appellants insist that they had the right to construct the roadway on their own property without liability in the absence of negligence, the appellee pleaded and testified to a physical invasion of his property to the extent of an average depth of 5 feet entirely across the back of his property and inside his property line a distance of 8 to 10 feet, causing trees to be destroyed and large crevices to open up in his property.

■ A trespasser on the property of another is liable in damages without reference to negligence. McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, error refused; Michels v. Crouch, Tex.Civ.App., 122 S.W.2d 211; Wetzel v. Satterwhite, 59 Tex.Civ.App. 1, 125 S.W. 93; Champion v. Vincent, 20 Tex. 811, 812.

We overrule appellants' first point.

By their next two points appellants argue it was error for the court to admit testimony and submit issues as to the reasonable cash market value of the property before and after the injury, contending that recovery of damages should have been restricted to the land itself.

The appellants did not except to the issues submitted.

■■ The general principle upon which compensation for injury to real property is given is that the plaintiff should be reimbursed to the extent of the injury to the property. Ostrom v. City of San Antonio, 33 Tex.Civ.App. 683, 77 S.W. 829. When land is permanently injured by the wrongful act of another but the value is not totally destroyed, the owner is entitled to recover the difference between the actual cash value at the time immediately preceding the injury and the actual cash value immediately after the injury. Trinity & Sabine Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575.

■ The evidence showed the destruction of several large trees on the lot and that the rear 30 feet of the lot is useless for any purpose. The jury could take into consideration the value of the lot with the trees on it and its value without the trees, since the trees were a part of the realty to which they were attached. The appellee, prior to the injury, had erected a new house on the lot and was living in it as his home. The use to which the land is adapted is proper to be considered in determining the value of the land and the damage sustained.

In our opinion no reversible error is shown in the submission of the issues.

The judgment of the trial court is affirmed.